IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-MJ-766-JFJ |
| JESSICA JANAY BALDWIN, | |
| Defendant. | |

### Motion for Protective Order

The government moves the Court to enter a Protective Order for all discovery and investigative materials including, but not limited to, materials subject to Rule 6(e) of the Federal Rules of Criminal Procedure, and video and audio recordings, and in support thereof states as follows:

1. Pursuant to Local Criminal Rule 12.1(E), the United States advises the Court that the undersigned Assistant United States Attorney consulted with counsel for the Defendant, Whitney Mauldin, regarding her position in reference to this motion and she objects to the government's motion.

2. The Jencks Act requires that the Government, on motion of the Defendants, produce any "statement" of a witness it has called that relates to the subject matter to which the witness has testified. 18 U.S.C. § 3500(b) (1988). This material includes a transcript of grand jury testimony in which confidential informant(s) are identified by name. 18 U.S.C. § 3500(b) & (e)(3).

3. Fed. R. Crim P. 26.2(a) states that after a witness has testified on direct examination, the Defendant is entitled to a transcript of the grand jury testimony and investigative materials of the witness.

4. Fed. R. Crim. P. 6(e)(1) gives the United States Attorney custody and control of grand jury transcripts until the Court orders otherwise. Rule 6(e)(2) states "an attorney for the government . . . shall not disclose matters occurring before the grand jury, except as otherwise provided in these rules." There are several exceptions to the rule, and one exception allows grand jury transcripts to be released when directed by the Court. Fed. R. Crim. P. 6(e)(3)(E)(i).

5. It is the practice in this district to voluntarily disclose grand jury transcripts and investigative materials during discovery, thereby preventing delays during the trial.

6. The government's evidence in this case relies heavily on information provided by cooperators and grand jury materials. Information provided by cooperators and grand jury materials are documented in law enforcement reports and grand jury subpoena returns.

7. Additionally, this investigation includes audio recordings of cooperators or informants.

8. In order to protect the individuals who have provided assistance in the criminal investigation and could be potentially targeted, threatened and intimidated,[1]

---

[1] Cooperating witnesses and confidential informants are regarded as "snitches" or "rats" by their criminal associates. Dissemination of these individuals' statements

2

to protect the ongoing investigation, prevent the destruction of evidence, prevent targets from becoming fugitives, to protect the sanctity and the secrecy of the grand jury process, prevent the intimidation of others who may have cooperated previously or are now cooperating and to protect the Government's attorney if he discloses to Defendant's counsel, prior to trial, grand jury and other investigative materials which must be disclosed under normal circumstances pursuant to the dictates of the *Jencks Act*, 18 U.S.C. § 3500; Fed. R. Crim. P. 16; *United States v. Giglio*, 405 U.S. 150 (1972); and *Brady v. Maryland*, 373 U.S. 83 (1963), a protective order should be entered for all documents provided to the Defendant, requiring that Defendant shall:

    a. not disseminate the recordings, transcripts, and other investigative materials provided pursuant to discovery for any purpose other than to those individuals identified in subparagraph c;

    b. not show the transcripts and other investigative materials provided pursuant to discovery to anyone other than those persons employed by the attorney who are necessary to assist counsel of record in preparation for litigation in this case; and

    c. not reproduce the documents, transcripts and other investigative materials for dissemination individuals other than those persons employed by the attorney who are necessary to assist counsel of record in preparation for litigation in this case, including the Defendant, and shall maintain complete custody and control over them, including all copies.

---

poses obvious dangers, especially where they are incarcerated in the same facility. The argument that letting the defendant read the material allows him to talk about what he read is no different than providing the written documents ignores the obvious when dealing with criminals. It is not the same kind of damage. Documentary evidence of a witness's betrayal is more compelling than a verbal statement because there is an actual writing or a piece of paper containing information which can facilitate retaliation or intimidation of a witness.

9. Fed. R. Crim. P. 16(d)(1) provides that the Court may "for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery. Where appropriate, a trial court can and should place a defendant and his attorney under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect. *Alderman v. United States*, 394 U.S. 165, 185 (1969).

10. In light of the propensity for violence of some co-conspirators in this case, a Protective Order is necessary in this case.

WHEREFORE, the United States respectfully requests that the Court enter a protective order for all discovery and investigative materials to include, but not be limited to, materials subject to Rule 6(e) of the Federal Rules of Criminal Procedure, law enforcement reports, video recordings and audio recordings generated through the criminal investigation.

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

*/s/ George Jiang*
George Jiang, Pa. Bar No. 311665
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, OK 74119-1013
918-382-2700

**Certificate of Service**

    I hereby certify that on the 26th day of December, 2024, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

    Whitney Mauldin
    *Counsel for Defendant*

    */s/ George Jiang*
    Assistant United States Attorney