



FILED

JAN 06 2025

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VINCENT DELMARCO BERRY,<br>a/k/a "V,"<br>a/k/a "Venom,"<br>a/k/a "Lucianno Lewis,"<br>MATEAKA MIGNON MANSKER,<br>a/k/a "MATEAKA MIGNON BERRY,"<br>JESSICA JANAY BALDWIN,<br>MICHAEL RAY CRAWLEY,<br><br>Defendants. | Case No. 25 CR 005 - SEH<br><br>INDICTMENT<br>[COUNT ONE: 21 U.S.C. §§ 846, 841(b)(1)(B)(vi), and 841(b)(1)(B)(viii) – Drug Conspiracy;<br>COUNT TWO: 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi) – Possession of Fentanyl with Intent to Distribute;<br>COUNT THREE: 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) – Possession of Methamphetamine with Intent to Distribute;<br>Forfeiture Allegation: 21 U.S.C. § 853 – Drug Forfeiture] |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
[21 U.S.C. §§ 846, 841(b)(1)(B)(vi), and 841(b)(1)(B)(viii)]

From on or about September 2021, and continuing to on or about July 2024, in the Northern District of Oklahoma and elsewhere, the defendants, **VINCENT DELMARCO BERRY**, a/k/a "V," a/k/a "Venom," a/k/a "Lucianno Lewis," **MATEAKA MIGNON MANSKER**, a/k/a "Mateaka Mignon Berry," **JESSICA JANAY BALDWIN**, and **MICHAEL RAY CRAWLEY**, knowingly, intentionally, and willfully conspired, confederated, and agreed, together and with others known and unknown to the Grand Jury, as follows:

## OBJECTS OF THE CONSPIRACY

The objects of the conspiracy were:

(a) To possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(b) To distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(c) To possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1);

(d) To distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1); and

(e) To use a communication facility, that is, a telephone (cellular or otherwise), in committing, causing, and facilitating the commission of acts constituting felonies under Title 21, United States Code, Sections 841 and 846 in violation of Title 21, United States Code, Sections 843(a)(1).

## PURPOSE OF THE CONSPIRACY

The purpose of the conspiracy was to enrich the defendants through the illicit sale of fentanyl and methamphetamine to prisoners at the Oklahoma State Penitentiary in McAlester, Oklahoma, "the prison" who had no lawful means of acquiring the controlled substances.

## MEANS AND METHODS OF THE CONSPIRACY

The objects of the conspiracy were accomplished by the following means and methods, among others:

1. Defendant **BERRY**, an inmate at the Oklahoma State Penitentiary in McAlester, Oklahoma, directed the activities of the **BERRY** Drug Trafficking Organization "DTO" including the receipt, delivery, and smuggling of bulk quantities of fentanyl, methamphetamine, and marijuana into the prison and the collection of drug proceeds from customers.

2. Co-conspirators used cell phones, social media applications, and text messaging applications to communicate with each other.

3. Defendant **BERRY** coordinated with Defendant **MANSKER** and co-conspirators, known and unknown to the Grand Jury, to transfer bulk quantities of methamphetamine, fentanyl, and marijuana to couriers, including Defendant **BALDWIN**, to smuggle the narcotics into the prison.

4. Defendant **BERRY** sold the smuggled methamphetamine, fentanyl, and marijuana to other inmates at the prison.

5. Defendant **MANSKER** obtained fentanyl and methamphetamine from Defendant **BERRY**'s sources of supply located in Tulsa County, Oklahoma, Northern District of Oklahoma.

6. Defendants **CRAWLEY** and **BALDWIN** transported methamphetamine, fentanyl, and marijuana for smuggling into the prison.

7. Defendant **BALDWIN** and other co-conspirators known and unknown to the Grand Jury worked in and for the Oklahoma State Penitentiary and served as couriers responsible for distributing methamphetamine, fentanyl, and marijuana throughout the prison for the **BERRY** DTO.

8. Defendant **BERRY** used co-conspirators known and unknown to the Grand Jury to collect payment from customers on behalf of the **BERRY** DTO.

9. Defendant **BERRY** caused proceeds of the drug sales to be transferred to various accounts controlled by Defendant **MANSKER** and other co-conspirators known and unknown to the Grand Jury.

10. As directed by Defendant **BERRY**, Defendant **MANSKER** used the accounts in the Northern District of Oklahoma and elsewhere under her control to pay couriers and other co-conspirators.

All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(B)(vi), and 841(b)(1)(B)(viii).

## COUNT TWO
## [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi)]

On or about April 6, 2024, in the Northern District of Oklahoma, the defendants, **MATEAKA MIGNON MANSKER**, a/k/a "Mateaka Mignon Berry," **JESSICA JANAY BALDWIN**, and **MICHAEL RAY CRAWLEY**, knowingly and intentionally possessed with the intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

## COUNT THREE
## [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii)]

On or about April 6, 2024, in the Northern District of Oklahoma, the defendants, **MATEAKA MIGNON MANSKER**, a/k/a "Mateaka Mignon Berry," **JESSICA JANAY BALDWIN**, and **MICHAEL RAY CRAWLEY**, knowingly and intentionally possessed with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

# FORFEITURE ALLEGATION
# [21 U.S.C. § 853]

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

Upon conviction of the offenses alleged in this Indictment, as a part of their sentences, the defendants, **VINCENT DELMARCO BERRY**, a/k/a "V," a/k/a "Venom," a/k/a "Lucianno Lewis," **MATEAKA MIGNON MANSKER**, a/k/a "Mateaka Mignon Berry," **JESSICA JANAY BALDWIN, MICHAEL RAY CRAWLEY**, shall forfeit to the United States any property constituting, or derived from, or traceable to, the proceeds obtained, directly or indirectly, as a result of such violations and any property, real or personal, that was used or intended to be used to commit or to facilitate the violations of federal law. The property to be forfeited includes, but is not limited to:

**CURRENCY**

$1,976 in United States currency seized from **JESSICA JANAY BALDWIN** by law enforcement on April 7, 2024; and

**MONEY JUDGMENT**

A money judgment in an amount representing proceeds obtained by the Defendants as a result of the offenses.

All pursuant to Title 21, United States Code, Section 853.

CLINTON J. JOHNSON
United States Attorney

*[signature]*

GEORGE JIANG
Assistant United States Attorney

A TRUE BILL

*/s/ Grand Jury Foreperson*
Grand Jury Foreperson